22 Civ. 10855 (PGG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNABELLE SUAREZ,

Plaintiff,

-against-

NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE,
NITIN SAVUR, NICOLE ORTSMAN-DAUER, GEORGE
ARGYROS, and INA CHEN,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS
THE AMENDED COMPLAINT**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-141
New York, New York 10007-2601

*Of Counsel*: Ernst Bonaparte
Tel.: (212) 356-4389

Matter No.: 2023-029062

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................... iii

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS .......................................................................................... 1

LEGAL STANDARD.................................................................................................. 2

ARGUMENT

        POINT I

               THE COMPLAINT FAILS TO COMPORT WITH
               THE REQUIREMENTS OF RULE 8 OF THE FED.
               R. CIV. P. AND SHOULD BE DISMISSED AS A
               MATTER OF LAW ...................................................................... 3

        POINT II

               PLAINTIFF FAILED TO EXHAUST HER
               ADMINISTRATIVE REMEDIES REGARDING
               HER TITLE VII AND ADA CLAIMS ....................................... 5

        POINT III

               PLAINTIFF'S NYSHRL AND NYCHRL CLAIMS
               ARE BARRED BY THE ELECTION OF
               REMEDIES.................................................................................. 5

        POINT IV

               PLAINTIFF FAILS TO STATE A PLAUSIBLE
               CLAIM OF DISCRIMINATION UNDER TITLE
               VII ............................................................................................. 7

        POINT V

               THE COMPLAINT FAILS TO STATE A
               DISABILITY DISCRIMINATION CLAIM
               UNDER THE ADA, THE NYSHRL, AND THE
                NYCHRL .................................................................................... 8

POINT VI

    THE COMPLAINT FAILS TO STATE A
    FAILURE TO PROMOTE CLAIM UNDER TITLE
    VII, THE ADA, THE NYSHRL, AND THE
    NYCHRL ............................................................................... 10

POINT VII

    THE COMPLAINT FAILS TO STATE A
    FAILURE TO ACCOMMODATE CLAIM UNDER
    THE ADA, THE NYSHRL, AND THE NYCHRL ................................ 10

POINT VIII

    THE COMPLAINT FAILS TO STATE A CLAIM
    OF INTERFERENCE OR RETALIATION UNDER
    THE FMLA ............................................................................... 12

POINT IX

    THE COMPLAINT FAILS TO STATE A CLAIM
    OF RETALIATION UNDER TITLE VII, THE
    ADA, THE NYSHRL, AND THE NYCHRL .......................................... 13

POINT X

    THE COMPLAINT FAILS TO ALLEGE A
    HOSTILE WORK ENVIRONMENT CLAIM
    UNDER TITLE VII, THE ADA, THE NYSHRL,
    AND THE NYCHRL ..................................................................... 14

POINT XI

    THE COMPLAINT FAILS TO ALLEGE A
    CONSTRUCTIVE DISCHARGE CLAIM UNDER
    TITLE VII, THE ADA, THE NYSHRL, AND THE
    NYCHRL ............................................................................... 16

CONCLUSION ................................................................................. 18

**Cases**                                                                                                    **Pages**

Arazi v. Cohen Bros. Realty Corp.,
    No. 1:20-CV-8837 (GHW), 2022 U.S. Dist. LEXIS 56549
    (S.D.N.Y. Mar. 28, 2022) ..........................................................................................11

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)..................................................................................................2

Baluch v. 300 W. 22 Realty, LLC,
    No. 21-CV-9747 (JPO), 2023 U.S. Dist. LEXIS 2092
    (S.D.N.Y. Jan. 5, 2023)................................................................................9, 10, 15

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007)..................................................................................................2

Benjamin v. New York City Dep't of Health,
    17 Misc. 3d 1122A
    (Sup. Ct. N.Y. Cty. 2007)
    aff'd, 57 A.D.3d 403 (1st Dep't 2008)......................................................................6

Bernheim v. New York City Dep't of Educ.,
    No. 19-CV-9723 (VEC) (JLC), 2021 U.S. Dist. LEXIS 118948
    (S.D.N.Y. June 25, 2021)....................................................................................12, 13

Blair v. L.I. Child & Family Dev. Servs.,
    2017 U.S. Dist. LEXIS 14177
    (E.D.N.Y. Jan. 21, 2017)
    adopted, 2017 U.S. Dist. LEXIS 25573
    (E.D.N.Y. Feb. 21, 2017)..........................................................................................3

Borum v. Village of Hempstead,
    590 F. Supp. 2d 376 (E.D.N.Y. 2008) ......................................................................7

Bryan v. Center,
    2022 U.S. Dist. LEXIS 89834
    (S.D.N.Y. May 18, 2022)....................................................................................10, 13

Carroll v. U.P.S.,
    225 F.3d 645 (2d Cir. 2000)......................................................................................7

Celli v. Cole,
    699 F. App'x 88 (2d Cir. 2017) ................................................................................4

Chenette v. Kenneth Cole Prods., Inc.,
    345 F. App'x 615 (2d Cir. 2009) ..........................................................................17

**Cases**                                                                       **Pages**

Coppedge v. New York City Sales, Inc.,
    2011 U.S. Dist. LEXIS 104231
    (S.D.N.Y. 2011) ...................................................................................7

Craig-Oriol v. Mt. Sinai Hospital,
    201 A.D.2d 449 (2d Dep't 1994) ........................................................7

Crumell v. City of New York,
    No. 23-CV-2042 (LTS), 2023 U.S. Dist. LEXIS 67080
    (S.D.N.Y. Apr. 13, 2023) ....................................................................3

Dragon v. Connecticut,
    No. 3:14-CV-0749 (MPS), 2014 U.S. Dist. LEXIS 163239
    (D. Conn. Nov. 21, 2014) ....................................................................5

Duplan v. City of New York,
    888 F.3d 625 (2d Cir. 2018).................................................................13

Erickson v. Pardus,
    551 U.S. 89 (2007)...............................................................................2

Green v. Brennan,
    136 S. Ct. 1769 (2016)........................................................................17

Harewood v. New York City Dep't of Educ.,
    No. 18-CV-05487 (KPF) (KHP), 2019 U.S. Dist. LEXIS 78872
    (S.D.N.Y. May 8, 2019)................................................................16, 17

Howard v. United Parcel Serv., Inc.,
    101 F. Supp. 3d 343 (S.D.N.Y. 2015)................................................11

Johnson v. City of New York,
    No. 18-CV-9600 (AJN), 2020 U.S. Dist. LEXIS 74524
    (S.D.N.Y. Apr. 28, 2020).....................................................................7

King v. United States Sec. Assocs.,
    2012 U.S. Dist. LEXIS 133339
    (S.D.N.Y. Aug. 22, 2012) ....................................................................5

Leibowitz v. Cornell Univ.,
    584 F.3d 487 (2d Cir. 2009).................................................................8

Littlejohn v. City of New York,
    795 F.3d 297 (2d Cir. 2015).................................................................8

**Cases**                                                               **Pages**

McKinney v. New York,
No. 19-CV-3920 (NSR), 2022 U.S. Dist. LEXIS 35843
(S.D.N.Y. Mar. 1, 2022) ...........................................................................................14, 15, 17

Mehta v. City of New York,
No. 1:19-CV-03857 (NG) (VMS), 2022 U.S. Dist. LEXIS 17280
(E.D.N.Y. Jan. 31, 2022) ...........................................................................................14

Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,
715 F.3d 102 (2d Cir. 2013)...........................................................................................9

Moodie v. Fed. Reserve Bank of New York,
58 F.3d 879 (2d Cir. 1995)...........................................................................................6

Morren v. New York Univ.,
No. 20-CV-10802 (JPO) (OTW), 2022 U.S. Dist. LEXIS 94266
(S.D.N.Y. Apr. 29, 2022).........................................................................................8, 9, 11

Nnebe v. City of New York,
2023 U.S. Dist. LEXIS 16480
(S.D.N.Y. Jan. 30, 2023)...........................................................................................13, 14

Novak v. New York State. Elec. & Gas Corp.,
2006 U.S. Dist. LEXIS 73031
(N.D.N.Y. Oct. 6, 2006)...........................................................................................4

Ogunmokun v. Am. Educ. Servs.,
No. 12-CV-4403, 2014 U.S. Dist. LEXIS 134098
(E.D.N.Y. Sept. 23, 2014)...........................................................................................3

Pennsylvania State Police v. Suders,
542 U.S. 129 (2004)...........................................................................................17

Rodriguez v. Dickard Widder Indus.,
150 A.D.3d 1169 (2d Dep't 2017) ...........................................................................................6

Salahuddin v. Cuomo,
861 F.2d 40 (2d Cir. 1988)...........................................................................................3

Sank v. City Univ. of New York,
2011 U.S. Dist. LEXIS 125016
(S.D.N.Y. Oct. 28, 2011) ...........................................................................................6

Schiller v. Duthie,
2017 U.S. Dist. LEXIS 137937
(S.D.N.Y. Aug. 28, 2017) ...........................................................................................4

**Cases**                                                                   **Pages**

Smith v. New York City Dep't of Educ.,
    2019 U.S. Dist. LEXIS 204645
    (S.D.N.Y. Nov. 22, 2019) ..................................................................................5

Stinnett v. Delta Air Lines, Inc.,
    No. 18-CV-2704 (DLI) (LB), 2019 U.S. Dist. LEXIS 58145
    (E.D.N.Y. Mar. 31, 2019) ................................................................................15

Sutter v. Dibello,
    No. CV-18-817 (ADS) (AKT), 2019 U.S. Dist. LEXIS 136665
    (E.D.N.Y. Aug. 12, 2019) ............................................................................ 15-16

Syeed v. Bloomberg LP,
    568 F. Supp. 3d 314 (S.D.N.Y. 2021) ............................................................10

Thomson v. Odyssey House,
    No. 14-CV-3857 (MKB), 2015 U.S. Dist. LEXIS 125887
    (E.D.N.Y. Sept. 21, 2015) ...............................................................................15

Tousst v. City of New York,
    2020 U.S. Dist. LEXIS 125968
    (S.D.N.Y. June 29, 2020) ................................................................................10

Trachtenberg v. Dep't of Educ.,
    937 F. Supp. 2d 460 (S.D.N.Y. 2013) .............................................................17

Tsekhanskaya v. City of New York,
    2020 U.S. Dist. LEXIS 179477
    (E.D.N.Y. Sept. 29, 2020) .................................................................................4

Vega v. Hempstead Union Free Sch. Dist.,
    801 F.3d 72 (2d Cir. 2015) ................................................................................7

Washburn v. Kingsborough Cmty. College,
    2021 U.S. Dist. LEXIS 67908
    (E.D.N.Y. Mar. 31, 2021)
    aff'd, 2022 U.S. Dist. LEXIS 51086
    (E.D.N.Y. Mar. 22, 2022) .............................................................................. 3-4

Weixel v. Bd. of Educ. of the City of New York,
    287 F.3d 138 (2d Cir. 2002) ..............................................................................3

Wrenn v. Verizon,
    965 N.Y.S.2d 362 (2d Dep't 2013) ....................................................................6

**Cases**                                                                                      **Pages**

<u>York v. Ass'n of the Bar of the City of New York</u>,
    286 F.3d 122 (2d Cir. 2002)..................................................................6

<u>Zuckerman v. GW Acquisition LLC</u>,
    No. 20 Civ. 8742 (VEC), 2021 U.S. Dist. LEXIS 178873
    (S.D.N.Y. Sept. 20, 2021)...........................................................13

**<u>Statutes</u>**

29 U.S.C. § 2611(2)(A)........................................................................12

42 U.S.C. § 2000(e)..............................................................................8

42 U.S.C. § 12102(1)............................................................................9

Fed. R. Civ. P. 8............................................................................1, 3, 4

Fed. R. Civ. P. 8(a)(2).........................................................................3

Fed. R. Civ. P. 8(d)(1).........................................................................3

Fed. R. Civ. P. 12(b)(1).......................................................................1

Fed. R. Civ. P. 12(b)(6)..................................................................1, 2, 5

New York City Admin. Code § 8-107...................................................1

New York City Admin. Code § 8-502(a)...............................................5

New York Exec. Law § 296..................................................................1

New York Exec. Law § 297(9)..............................................................5

# PRELIMINARY STATEMENT

Pro se plaintiff, Annabelle Suarez, a former employee with the New York County District Attorney's Office ("DANY") claims that DANY, Nitin Savur, Nicole Ortsman-Dauer, George Argyros, and Ina Chen (collectively "Defendants"), discriminated against her in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990 ("ADA"), the Family Medical Leave Act ("FMLA") of 1993, the New York State Executive Law § 296 ("NYSHRL"), and the New York City Administrative Code § 8-107 ("NYCHRL"). Plaintiff alleges that Defendants constructively discharged her from her position; failed to promote her; failed to accommodate her disability; retaliated against her; and created a hostile work environment.

In or around March 2021, Plaintiff filed a disability discrimination complaint with the New York State Division of Human Rights ("SDHR") alleging that DANY unlawfully denied her an accommodation to work from home full-time during the pandemic due to her "heart/pulmonary" issues and "shortness of breath." Plaintiff amended the charge to include allegations of harassment in or around September of 2021. In or around July 2022, the SDHR returned a finding of "No Probable Cause" that DANY engaged in illegal discriminatory practices.

Defendants respectfully submit this Memorandum of Law in support of its motion to dismiss Plaintiff's Complaint pursuant to Rules 8, 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

# STATEMENT OF FACTS

Plaintiff is a former employee of DANY who alleges, in no particular order: that Defendants illegally discriminated against her; constructively discharged her from her position; failed to promote her; failed to accommodate her disability; retaliated against her; and crated a hostile work environment. Complaint ("Compl."), ECF Dkt. No. 1 at 6 and 9. Particularly,

Plaintiff alleges that she experienced "workplace disparities" that include "Professional isolation and alienation" resulting "in the interference of union delegate activity"; denial of training events; "disproportionate monitoring" of timekeeping and denial of overtime request; "pressure" to complete tasks; "invasion" of privacy concerns regarding medical documents; "computer connectivity issues"; "interruption of direct deposit"; and being "dropped from medical/health coverage." Compl. at 9.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead facts adequate "to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In Iqbal, the Supreme Court explained the plausibility standard by stating that where a complaint pleads facts that are merely consistent with a defendant's liability "without some further factual enhancement[,] it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 697 (quoting Twombly, 550 U.S. at 557). A complaint fails to state a claim "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Iqbal, 556 U.S. at 679. "Unless a plaintiff's well-pleaded allegations of fact have 'nudged [his] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed.'" In applying this standard, the Court accepts as true all well-pleaded factual allegations but does not credit "mere conclusory statements" or "threadbare recitals of the elements for a cause of action." Id. at 662 (citing Twombly, 550 U.S. at 555). Although the Court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id.

It is well-established that pleadings by pro se plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Second Circuit has held that a court reviewing a pro se complaint must "construe the complaint

broadly and interpret it to raise the strongest arguments that it suggests." <u>Weixel v. Bd. of Educ.</u> <u>of the City of New York</u>, 287 F.3d 138, 146 (2d Cir. 2002) (internal alterations omitted). Importantly however, the Court "need not argue a pro se litigant's case nor create a case for the pro se which does not exist." <u>Ogunmokun v. Am. Educ. Servs.</u>, No. 12-CV-4403, 2014 U.S. Dist. LEXIS 134098 (E.D.N.Y. Sept. 23, 2014); <u>see</u> <u>Blair v. L.I. Child & Family Dev. Servs.</u>, 2017 U.S. Dist. LEXIS 14177 (E.D.N.Y. Jan. 21, 2017) <u>adopted by</u> <u>Blair v. L.I. Child & Family Dev. Servs.</u>, 2017 U.S. Dist. LEXIS 25573 (E.D.N.Y. Feb. 21, 2017).

## ARGUMENT

### POINT I

### THE COMPLAINT FAILS TO COMPORT WITH THE REQUIREMENTS OF RULE 8 OF THE FED. R. CIV. P. AND SHOULD BE DISMISSED AS A MATTER OF LAW

As an initial matter, the instant Complaint fails to comport with the requirements of Fed. R. Civ. P. 8(a)(2). A complaint must contain "a short plan statement of the claim showing that the pleader is entitled to relief." <u>Crumell v. City of N.Y.</u>, No. 23-cv-2042 (LTS), 2023 U.S. Dist. LEXIS 67080, at *7 (S.D.N.Y. Apr. 13, 2023). The Rule further requires that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The "statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988). Moreover, the statement should be short because "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." <u>Id.</u>

Plaintiff's Complaint is the antithesis of a short and plain statement showing that Plaintiff is entitled to relief. See e.g. Novak v. N.Y. State. Elec. & Gas Corp., 2006 U.S. Dist. LEXIS 73031, *4 (N.D.N.Y. Oct. 6, 2006). The pleadings here consist of a one-page, bullet-point list of disjointed statements followed by a lengthy, 80-page collection of disorganized or irrelevant exhibits. See generally Compl. Given the excessively lengthy and granular nature of the Complaint, Defendants and the Court are not reasonably able to ascertain the sufficiency of the Complaint. Where Courts have declined to dismiss a complaint based upon its prolixity, the Courts have noted that the nature of the litigation was complex, or that there were many defendants. See Schiller v. Duthie, 2017 U.S. Dist. LEXIS 137937 at *32-33 (S.D.N.Y. Aug. 28, 2017). Here, the matter involves a single plaintiff and the nature of the litigation itself is not so complex that the complaint necessitates over 80 pages of superfluous documents.

Courts faced with similarly prolix complaints have dismissed them, even when such complaints were filed by pro se litigants. Washburn v. Kingsborough Cmty. College, 2021 U.S. Dist. LEXIS 67908, at *11-12 (E.D.N.Y. Mar. 31, 2021), aff'd 2022 U.S. Dist. LEXIS 51086 (E.D.N.Y. Mar. 22, 2022), citing Celli v. Cole, 699 F. App'x 88, at 89 (affirming dismissal of pro se complaint for failure to comply with Rule 8); Tsekhanskaya v. City of New York, 2020 U.S. Dist. LEXIS 179477, 2020 WL 5802329, at *6 (E.D.N.Y. Sept. 29, 2020) (dismissing pro se complaint for failure to comply with Rule 8).

Consequently, the instant Complaint should be dismissed pursuant to Fed. R. Civ. P. 8(a)(2) because it fails to provide Defendants with a short and plain statement of the claims; the pleadings are unnecessarily prolix; and the pleadings place an undue burden on the Court and Defendants due to its disjointed nature and excessive attachments.

**POINT II**

**PLAINTIFF FAILED TO EXHAUST HER
ADMINISTRATIVE REMEDIES REGARDING
HER TITLE VII AND ADA CLAIMS**

It is well settled that a plaintiff bringing a claim under Title VII or the ADA must exhaust their administrative remedies by filing a claim with the EEOC. "For the court to consider a particular claim of alleged discrimination, it must have been either explicitly raised during the EEO process or be 'reasonably related' to claims that were." Smith v. N.Y.C. Dep't of Educ., 2019 U.S. Dist. LEXIS 204645, at *16 (S.D.N.Y. Nov. 22, 2019). Moreover, a plaintiff's failure to attach a proper right-to-sue letter is grounds for dismissal as it constitutes a failure to exhaust administrative remedies. See King v. United States Sec. Assocs., 2012 U.S. Dist. LEXIS 133339, at *9 (S.D.N.Y. Aug. 22, 2012) (dismissing plaintiff's Title VII claims for including a right-to-sue letter that did not name the employer being sued); see also Dragon v. Connecticut, No. 3:14-cv-0749 (MPS), 2014 U.S. Dist. LEXIS 163239, at *4-5 (D. Conn. Nov. 21, 2014) ("A plaintiff's Title VII claims may be dismissed under Rule 12(b)(6) when the plaintiff has failed to adequately plead and attach to her complaint a right-to-sue letter showing that she has exhausted her administrative remedies.").

Here, Plaintiff failed to attach a right-to-sue letter in her Complaint and she failed to affirmatively select that she received the notice from the EEOC. See Compl. Accordingly, Plaintiff's Title VII and ADA claims should be dismissed.

**POINT III**

**PLAINTIFF'S NYSHRL AND NYCHRL
CLAIMS ARE BARRED BY THE ELECTION
OF REMEDIES**

Plaintiff's NYSHRL and NYCHRL claims are precluded by the election of remedies provisions of N.Y. Exec. Law § 297(9) and N.Y.C. Admin. Code § 8-502(a). This

standard is "applicable to both state and federal courts as 'a state law depriving its courts of jurisdiction over a state law claim also operates to divest a federal court of jurisdiction to decide the claim.'"  Sank v. City Univ. of New York, 2011 U.S. Dist. LEXIS 125016, at *18 (quoting Moodie v. Fed. Reserve Bank of New York, 58 F.3d 879, 884 (2d Cir. 1995)).

Indeed, federal and state courts have consistently dismissed discrimination claims brought pursuant to the NYSHRL and NYCHRL where, as here, a plaintiff has previously pursued an administrative filing before the SDHR alleging employment discrimination and the complaint was dismissed by the SDHR on the merits and not for mere administrative convenience.  See e.g., York v. Ass'n of the Bar of the City of New York, 286 F.3d 122, 127 (2d Cir. 2002); Rodriguez v. Dickard Widder Indus., 150 A.D.3d 1169, 1171 (2d Dept 2017); Wrenn v. Verizon, 965 N.Y.S.2d 362 (2d Dep't 2013); Benjamin v. New York City Dept. of Health, 17 Misc. 3d 1122A (Sup. Ct. N.Y. County 2007) aff'd, 57 A.D.3d 403, 404 (1st Dept 2008).

It is well settled that the election of remedies bars all claims that arise out of the course of conduct that was the basis for the prior administrative charge even if they had not been asserted in the administrative proceeding.  Craig-Oriol v. Mt. Sinai Hospital, 201 A.D.2d 449, 450 (2d Dept 1994) ("there is a general prohibition against splitting a claim into multiple legal actions"); Carroll v. U.P.S., 225 F.3d 645 (2d Cir. 2000) ("Attempts to recover for the same injuries under slightly differen[t] labels are subject to dismissal"); Coppedge v. New York City Sales, Inc., 2011 U.S. Dist. LEXIS 104231, at *7 (S.D.N.Y. 2011) ("[t]he election-of-remedies bar is not limited to the precise claims brought in the administrative proceeding, but extends to all claims arising out of the same events") (citation omitted); Borum v. Vill. of Hempstead, 590 F. Supp. 2d 376, 383 (E.D.N.Y. 2008) ("[t]he jurisdictional bar is not avoided by changing the legal theory of relief relied upon").

On or about March 2021, Plaintiff filed a charge of disability discrimination (amended to include harassment claims in or around September 2021) with the SDHR alleging that DANY unlawfully denied her a reasonable accommodation. Specifically, plaintiff claimed that she had needed to work from home on account of alleged heart, pulmonary, and shortness of breath issues. The SDHR dismissed this claim on the merits.[1] To the extent that Plaintiff's vague allegations in the instant Complaint overlap with the charge of discrimination filed with the SDHR, Plaintiff elected her administrative remedy and is therefore precluded from re-litigating these claims in this forum. Plaintiff cannot circumvent the election of remedies bar by altering the factual claims asserted or the legal theories under which she now seeks to recover in this Court.

Accordingly, Plaintiff's NYSHRL and NYCHRL claims should be dismissed with prejudice to the extent that they overlap with her SDHR claims because they are premised on the very same allegations she had unsuccessfully raised in the prior SDHR proceeding.

**POINT IV**

**PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM OF DISCRIMINATION UNDER TITLE VII**

"[I]n a Title VII discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015); see also Johnson v. City of N.Y., No. 18-CV-9600 (AJN), 2020 U.S. Dist. LEXIS 74524, at *10 (S.D.N.Y. Apr. 28, 2020) (discussing perceived sexual orientation claim). "An inference of discrimination can arise from circumstances including, but not limited

---

[1] Incorporated by reference in her Complaint (Compl. at 6) is Plaintiff's charge to the SDHR (amended in or around September 2021) which was simultaneously filed with the EEOC. See Exhibit A to the Declaration of Ernst Bonaparte. Also incorporated by reference is the SDHR determination of "NO PROBABLE CAUSE" rendered in or around July 2022. See Exhibit B to the Declaration of Ernst Bonaparte.

to, 'the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge.'" Littlejohn v. City of N.Y., 795 F.3d 297, 312 (2d Cir. 2015) (citing Leibowitz v. Cornell Univ., 584 F.3d 487, 502 (2d Cir. 2009).

Plaintiff supplies only conclusory allegations that Defendants violated Title VII in the form of checking off the box. Compl. at 3. Plaintiff does not include supportive allegations as to which protected class she is claiming under Title VII nor that such protected class was a motivating factor for any adverse employment action against her in the instant Complaint. See generally Compl.

It is readily apparent that Plaintiff does not set forth any specific circumstances in her Complaint from which an inference of discrimination can arise. Littlejohn, 795 F.3d at 312. Accordingly, Plaintiff's Title VII claims should be dismissed.

## POINT V

**THE COMPLAINT FAILS TO STATE A DISABILITY DISCRIMINATION CLAIM UNDER THE ADA, THE NYSHRL, AND THE NYCHRL**

To state a claim of disability discrimination under the ADA, a plaintiff must show that "(1) Defendants are subject to the relevant statutes; (2) he suffers from a disability within the meaning of the statute; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered an adverse employment action because of his disability." Morren v. N.Y. Univ., No. 20-CV-10802 (JPO) (OTW), 2022 U.S. Dist. LEXIS 94266, at *36-37 (S.D.N.Y. Apr. 29, 2022). Moreover, a plaintiff must "must allege facts that plausibly suggest that the employer discriminated against him because of his …

disability." Id. (emphasis in original).  Furthermore, a person with a "disability" under the ADA is statutorily defined as someone who has "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment;" or someone "(C) "regarded as having such an impairment."" Id. at *52 (citing 42 U.S.C. § 12102(1)).

"Claims under the NYCHRL are governed by a more liberal standard than are claims brought under Title VII. Courts must construe the provisions of the NYCHRL 'broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible'." Baluch v. 300 W. 22 Realty, LLC, No. 21-CV-9747 (JPO), 2023 U.S. Dist. LEXIS 2092, at *15-16 (S.D.N.Y. Jan. 5, 2023) (internal citations omitted).  Moreover, the NYSHRL was recently amended in 2019 "to render the standard for claims [under the NYSHRL] closer to the standard under the NYCHRL." Id. at 16 (internal citations omitted).  While both the NYCHRL and the NYSHRL have a broader definition of disability than the ADA or Rehabilitation Act, "it is still necessary that the plaintiff allege that he was treated "less well" because of his disability." Id. (citing Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 110 (2d Cir. 2013) (emphasis added)).

Plaintiff first fails to allege facts that she had a "disability" in the instant Complaint, even under the more liberal standards set forth in state and local law.  See generally Compl. Particularly, the Complaint fatally lacks an allegation of which specific physical or psychological condition limited Plaintiff. . Id.  Furthermore, Plaintiff does not allege facts in a manner rendering it plausible to draw a inference of discrimination that is connected to an adverse employment action. Id.  Otherwise, Plaintiff's disability claims relating to her SDHR charge of discrimination are precluded for the reasons already discussed.  Accordingly, Plaintiff's claims of disability discrimination under the ADA, the NYSHRL, and the NYCHRL should be dismissed.

## POINT VI

**THE COMPLAINT FAILS TO STATE A FAILURE TO PROMOTE CLAIM UNDER TITLE VII, THE ADA, THE NYSHRL, AND THE NYCHRL**

Failure to promote claims under Title VII or the ADA requires a plaintiff to "show "that she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of discrimination."" <u>Tousst v. City of N.Y.</u>, 2020 U.S. Dist. LEXIS 125968, at *11-12 (S.D.N.Y. June 29, 2020) (internal citations omitted); <u>see also</u> <u>Bryan v. Center</u>, 2022 U.S. Dist. LEXIS 89834, at *24 (S.D.N.Y. May 18, 2022) (applying the same failure to promote standard under Title VII to the ADA). Particularly, "[a]n inference of discrimination may arise if the position remains open and the employer continues to seek applicants of the plaintiff's qualifications…" <u>Id.</u>

The NYSHRL and the NYCHRL "is subject to more liberal pleading standards than Title VII" but Courts have used the Title VII test as guidance for an analysis. <u>See</u> <u>Syeed v. Bloomberg L.P.</u>, 568 F. Supp. 3d 314, 340 (S.D.N.Y. 2021); <u>see also</u> <u>Baluch</u>, 2023 U.S. Dist. LEXIS 2092 at *16. In the instant Complaint, Plaintiff merely checks the box that Defendants "did not promote me." Compl. at 5. The Complaint does not allege that Plaintiff applied for a promotional opportunity for which she was qualified and that she was denied that opportunity. Consequently, no inference can be drawn that any act of discrimination took place with regard to a failure to promote and her claims under Title VII, the NYSHRL, and the NYCHRL must be dismissed.

## POINT VII

**THE COMPLAINT FAILS TO STATE A FAILURE TO ACCOMMODATE CLAIM UNDER THE ADA, THE NYSHRL, AND THE NYCHRL**

To state a claim for failure to accommodate under the ADA, "a plaintiff must establish that (1) he is a person with a disability; (2) defendant had notice of his disability; (3) plaintiff could perform the essential functions of the job at issue with reasonable accommodation; and (4) defendant refused to make such accommodations." Morren, 2022 U.S. Dist. LEXIS 94266 at *52 (citing Howard v. United Parcel Serv., Inc., 101 F. Supp. 3d 343, 352 (S.D.N.Y. 2015)).

To state a failure to accommodate claim under NYSHRL and the NYCHRL, ""a plaintiff must establish that (1) [she] is a person with a disability; (2) defendant had notice of his disability; (3) plaintiff could perform the essential functions of the job at issue with reasonable accommodation; and (4) defendant refused to make such accommodations."" Id. at *52; see also Arazi v. Cohen Bros. Realty Corp., No. 1:20-cv-8837-GHW, 2022 U.S. Dist. LEXIS 56549, at *17-18 (S.D.N.Y. Mar. 28, 2022) (applying the same standard for the NYSHRL, NYCHRL, and ADA claims).

As previously mentioned, Plaintiff does not allege supporting facts in her Complaint that she had a disability under the ADA, the NYSHRL, or the NYCHRL.  For this reason alone, her claims fail.  Morren, 2022 U.S. Dist. LEXIS 94266 at *52-53 (dismissing plaintiff's failure to accommodate claim as "conclusory" and "insufficient" because he "merely restates the legal standard that employer generally have a duty to accommodate employees with disabilities and checks a box that the Defendants denied him accommodations.").  Moreover, Plaintiff does not plead supporting allegations demonstrating any other element, particularly that Defendants had notice of a disability (other than the ones raised in her March or September 2021 SDHR complaint); that she could perform the essential functions of the job with a reasonable accommodation; or that Defendants refused to accommodate her.  Consequently, Plaintiff's failure to accommodate claims should be dismissed.

**THE COMPLAINT FAILS TO STATE A CLAIM OF INTERFERENCE OR RETALIATION UNDER THE FMLA**

Under the FMLA, eligible employees are entitled to "twelve work weeks per year of unpaid leave because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." Bernheim v. N.Y.C. Dep't of Educ., No. 19-CV-9723 (VEC) (JLC), 2021 U.S. Dist. LEXIS 118948, at *10 (S.D.N.Y. June 25, 2021) (internal citations omitted). Furthermore, the FMLA "makes it illegal for employers to: "(1) 'interfere with, restrain, or deny the exercise of or the attempt to exercise, any right' provided under the FMLA; or (2) 'discharge or in any manner discriminate against any individual for opposing any practice made unlawful' by the FMLA." Id. (internal citations omitted).

In order to succeed on a claim of FMLA interference, a plaintiff must plead "'[i] that she is an eligible employee under the FMLA; [ii] that defendant is an employer as defined by the FMLA; [iii] that she was entitled to leave under the FMLA; [iv] that she gave notice to the defendant of her intention to take leave; and [v] that she was denied benefits to which she was entitled under the FMLA.'" Id. (internal citations omitted). An eligible employee is one that has been employed for at least 12 months by the employer from whom she is requesting leave and has worked at least 1,250 hours with that employer in the 12 months prior to the beginning of her medical leave. Id. at *11-12; see 29 U.S.C. § 2611(2)(A).

With regards to an FMLA retaliation claim, "a plaintiff must plead the following: "(1) [s]he exercised rights protected under the FMLA; (2) [s]he was qualified for [her] position; (3) [s]he suffered an adverse employment action; and (4) the employment action occurred under circumstances giving rise to an inference of discriminatory intent."" Id. at *11 (internal citations omitted).

Although Plaintiff pleads that she was an employee of DANY, she does not allege how many hours she worked and since when.  See generally Compl.  Furthermore, Plaintiff does not allege she applied for and was denied FMLA leave, or that she exercised rights protected under the FMLA and she suffered an adverse employment action under circumstances giving rise to an inference of discriminatory intent.  Id.  Consequently, Plaintiff's FMLA claims should be dismissed.

### POINT IX

**THE COMPLAINT FAILS TO STATE A CLAIM OF RETALIATION UNDER TITLE VII, THE ADA, THE NYSHRL, AND THE NYCHRL**

To state a claim for retaliation under Title VII, the ADA, and the NYSHRL, "a plaintiff must show: (1) she was engaged in protected activity; (2) the employer was aware of the activity; (3) the employee suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action."" Nnebe v. City of N.Y., 2023 U.S. Dist. LEXIS 16480, at *40 (S.D.N.Y. Jan. 30, 2023) (internal citations omitted); see also Bryan, 2022 U.S. Dist. LEXIS 89834 at *27 (applying the same Title VII retaliation standard to the ADA).  To show causation, "'the plaintiff must plausibly allege that the retaliation was a but-for cause of the employer's adverse action.'"  Id. (citing Duplan, 888 F.3d at 625).

Under the NYCHRL, ""…the plaintiff need only plead and prove that something happened that would be reasonably likely to deter a person from engaging in protected activity.'" Id. (citing Zuckerman v. GW Acquisition LLC, No. 20 Civ. 8742 (VEC), 2021 U.S. Dist. LEXIS 178873, 2021 WL 4267815, at *17 (S.D.N.Y. Sept. 20, 2021)).  As for causation, a plaintiff must allege that "retaliatory animus played some role in the employer's decision." Id. at 41-42; see also Mehta v. City of N.Y., No. 1:19-cv-03857-NG-VMS, 2022 U.S. Dist. LEXIS 17280, at *24

(E.D.N.Y. Jan. 31, 2022) ("While the but-for causation standard does not apply to NYCHRL retaliation claims, a plaintiff must still allege a causal connection between the defendant's retaliation and plaintiff's actions opposing discrimination.").

The Complaint is devoid of a chronology of events that would contextualize her allegations, and thus fails to establish a causal connection between any protected activity (or opposition to discrimination) and any adverse employment action. See generally Compl. Particularly, Plaintiff does not allege that she engaged in a protected activity or opposed illegal discrimination; that Defendants were aware of that activity; and a causal connection exists between the protected activity and the adverse employment action (or deterring conduct). Even assuming that Plaintiff is referring to her SDHR charge of disability discrimination filed in or around March or September 2021, Plaintiff does not explain when any purportedly adverse employment action occurred. Thus, the Complaint fails to permit the Court to make an inference of causality between the protected activity and the adverse employment action.

Therefore, the Court should dismiss Plaintiff's retaliation claims.

## POINT X

### THE COMPLAINT FAILS TO ALLEGE A HOSTILE WORK ENVIRONMENT CLAIM UNDER TITLE VII, THE ADA, THE NYSHRL, AND THE NYCHRL

"To state a hostile work environment claim [under Title VII], Plaintiff must show that Defendants' conduct (1) was 'objectively severe or pervasive,' (2) created an environment that was 'subjectively perceived as hostile or abusive,' and (3) created such an environment 'because of' the plaintiff's [protected class]." McKinney v. New York, No. 19-CV-3920 (NSR), 2022 U.S. Dist. LEXIS 35843, at *15-16 (S.D.N.Y. Mar. 1, 2022). Furthermore, "[t]o survive a motion to dismiss, a plaintiff need only "plead facts sufficient to support the conclusion that she

was faced with harassment . . . of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse."" <u>Id.</u> (internal citations omitted). In assessing these claims, the Court "looks at the totality of circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." <u>Id.</u>

The pleading requirements under the NYCHRL for both a claim of discrimination and hostile work environment are identical. <u>See</u> <u>Thomson v. Odyssey House</u>, No. 14-CV-3857 (MKB), 2015 U.S. Dist. LEXIS 125887, at *70-71 (E.D.N.Y. Sep. 21, 2015) ("Under the NYCHRL a hostile work environment claim is a form of [] discrimination, and analyzed under the same standard"); <u>see also</u> <u>Sutter v. Dibello</u>, No. CV 18- 817 (ADS) (AKT), 2019 U.S. Dist. LEXIS 136665, at *66 (E.D.N.Y. Aug. 12, 2019) (applying identical standard to claims of discrimination and hostile work environment).

Given the recent amendment to the NYSHRL, the pleading requirements under the NYSHRL and NYCHRL are similar. <u>Baluch</u>, 2023 U.S. Dist. LEXIS 2092 at *15-16. At the motion to dismiss stage, a plaintiff must still plausibly plead facts supporting an inference that they have been treated less well than other employees because of membership in a protected class under the NYCHRL. <u>See</u> <u>Stinnett v. Delta Air Lines, Inc.</u>, No. 18-CV-2704 (DLI) (LB), 2019 U.S. Dist. LEXIS 58145, at *18 (E.D.N.Y. Mar. 31, 2019). Where a plaintiff fails to allege facts supporting an inference that plaintiff was treated less well on the basis of his or her protected class, both hostile work environment and discrimination claims fail under the NYCHRL. <u>See</u> <u>Sutter</u>, 2019 U.S. Dist. LEXIS 136665 at *66. Accordingly, Plaintiff's claims of a hostile work environment

should fail for the same reasons Plaintiff's disability discrimination claims fail under the NYSHRL and NYCHRL as Defendant detailed above.

The Complaint alleges "workplace disparities" that include "Professional isolation and alienation" resulting "in the interference of union delegate activity"; denial of training events; "disproportionate monitoring" of timekeeping and denial of overtime request; "pressure" to complete tasks; "invasion" of privacy concerns regarding medical documents; "computer connectivity issues"; "interruption of direct deposit"; and being "dropped from medical/health coverage." Compl. at 9.

These allegations fail to provide specific dates and are not preceded or succeeded by particular actions by Plaintiff or any of the Defendants. They are a generalized recitation of negative incidents that Plaintiff allegedly experienced – some of which appear incredible on its face. This lack of detail makes it impossible for the Court to infer that the alleged treatment of Plaintiff was driven by invidious discrimination. Due to the unspecified dates and vague references, it is also impossible to demonstrate that the conduct was objectively severe or pervasive under Title VII.

Therefore, the Court should dismiss Plaintiff's hostile work environment claims.

### POINT XI

**THE COMPLAINT FAILS TO ALLEGE A CONSTRUCTIVE DISCHARGE CLAIM UNDER TITLE VII, THE ADA, THE NYSHRL, AND THE NYCHRL**

"A constructive discharge can constitute an adverse employment action when an employer intentionally makes the working conditions so intolerable that the employee's "resignation qualified as a fitting response."" Harewood v. N.Y.C. Dep't of Educ., No. 18-CV-05487 (KPF) (KHP), 2019 U.S. Dist. LEXIS 78872, at *21 (S.D.N.Y. May 8, 2019) (quoting

Pennsylvania State Police v. Suders, 542 U.S. 129, 139 (2004)); see also Green v. Brennan, 136 S. Ct. 1769, 1777, 195 L. Ed. 2d 44 (2016) ("A claim of constructive discharge . . . has two basic elements. A plaintiff must prove first that he was discriminated against by his employer to the point where a reasonable person in his position would have felt compelled to resign. [And] he must also show that he actually resigned.") (internal citations omitted). Courts have pointed out that such a claim is "graver" than a typical hostile work environment claim under federal law. Trachtenberg v. Dep't of Educ., 937 F. Supp. 2d 460, 468 (S.D.N.Y. 2013) (citing Pa. State Police v. Suders, 542 U.S. 129, 149 (2004)); see also Harewood, 2019 U.S. Dist. LEXIS 78872 at *21.

At the outset, Plaintiff's constructive discharge claim fails for the same reasons her discrimination and hostile work environment claim fail as detailed above, i.e., for its unspecified and vague references. See Chenette v. Kenneth Cole Prods., Inc., 345 F. App'x 615, 620 (2d Cir. 2009) (having failed on a hostile work environment claim, plaintiff cannot succeed on a constructive discharge claim, "which requires evidence of even more severe conditions").

Furthermore, the conditions alleged which broadly consist of isolation; denial of trainings and overtime; micromanaging; pressure to perform tasks; computer and direct deposit issues; privacy of medical information; and being dropped from health coverage are not remotely close to "grave." Trachtenberg, 937 F. Supp. 2d at 468. They do not involve any form of physical violence, invidious discriminatory comments, berating and yelling, threats, or anything remotely close to 'objectively severe or pervasive.' McKinney, 2022 U.S. Dist. LEXIS 35843 at *15-16.

Accordingly, Plaintiff fails to establish a constructive discharge claim.

## CONCLUSION

For the foregoing reasons, each of Plaintiff's claims is insufficient as a matter of law and should be dismissed. Defendants thus respectfully request that their Motion to Dismiss be granted, that it be dismissed with prejudice, that the relief requested by Plaintiff be denied in all respects, that judgment be entered for Defendants, and that Defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
           July 26, 2023

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-117
New York, New York 10007-2601

By:   *Ernst Bonaparte*
        Ernst Bonaparte
        Assistant Corporation Counsel