

**Division of
Human Rights**

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>ANNABELLE SUAREZ,<br>Complainant,<br>v.<br><br>NEW YORK COUNTY DISTRICT ATTORNEYS' OFFICE,<br>Respondent. | DETERMINATION AND ORDER AFTER INVESTIGATION<br><br>Case No.<br>10210950 |

Federal Charge No. 16GC101094

On 2/17/2021, Annabelle Suarez filed a verified complaint with the New York State Division of Human Rights ("Division") charging the above-named Respondent with an unlawful discriminatory practice relating to employment because of disability in violation of N.Y. Exec. Law, art. 15 (Human Rights Law).

After investigation, and following opportunity for review of related information and evidence by the named parties, the Division has determined that there is NO PROBABLE CAUSE to believe that the Respondent has engaged in or is engaging in the unlawful discriminatory practice complained of. This determination is based on the following:

There is a lack of evidence in support of the Complainant's allegations of disability discrimination.

The Complainant, who has a heart/pulmonary condition, charges the Respondent with unlawful discriminatory practices in relation to employment because of disability. Specifically, she claims that after being approved and granted FMLA leave, she subsequently applied for NYC's newly adopted Families First Coronavirus Response Act (FFCRA) leave, an expansion of FMLA, that requires certain employers to provide eligible employees with excused sick leave and expanded family and medical leave for specific reasons related to COVID-19. Despite her qualification and approval of FFCRA, Complainant asserts it is discriminatory that she must charge her leave balance when she exceeds 10 days of FFCRA usage. Complainant claims that

she has suffered a monetary loss because she has been forced to charge her leave balance despite having a qualifying condition for both FMLA and FFCRA.

Respondent denied, and our investigation did not substantiate, that the Complainant was treated differently or was negatively impacted by the Respondent's enactment of the FFCRA policy.

Rather, our investigation found that once Respondent's full staff returned to the office after the initial COVID shut down, Respondent repeatedly accommodated the Complainant reasonably by: 1) engaging in the required interactive process for each accommodation request with, and without the appropriate or timely medical documentation submission; 2) promptly responded with timely determinations on her requests including allowing Complainant to work from home on those days that she needed to use FFCRA; 3) assigned Complainant's in-office duties to other employees while she continued to work from home on those days that she was required to report in-office, but needed to use FFCRA leave; and 4) repeatedly provided EEO and human resources support to assist her in understanding the terms of Respondent's FFCRA policy and complete her applications as needed.

In addition, the Respondent has convincingly provided that changing the work duties required of a Victim Notifications Specialist, which would be required in order for the Complainant to receive the reasonable accommodation she requested (to telework full-time at 5 days per week) would be an undue hardship for Respondent. In granting Complainant benefits, Respondent was flexible and worked with her to accommodate the time of her shifts and the days of the week, which worked best for her. Once Complainant submitted requests for reasonable accommodations, Respondent has granted her leave so that she is not required to come in due to her medical condition, and instead use the leave structure that meets or exceeds the program designated by the City.

Our investigation did not uncover sufficient evidence to establish a causal nexus between the Respondent's treatment of the Complainant and her disability. The record does not support a finding of Probable Cause in this case.

The complaint is therefore ordered dismissed and the file is closed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition within sixty (60) days after service of this Determination. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to

EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112.  Otherwise, EEOC will generally adopt our action in your case.

Dated:     07/24/12

         Brooklyn, New York

                  STATE DIVISION OF HUMAN RIGHTS

            By:      _____

                  William LaMot
                  Regional Director



**Division of
Human Rights**

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

ANNABELLE SUAREZ,

Complainant,

v.

NEW YORK COUNTY DISTRICT ATTORNEYS'
OFFICE,

Respondent.

DETERMINATION AND
ORDER AFTER
INVESTIGATION

Case No.
10213413

Federal Charge No. 16GC102759

On 9/10/2021, Annabelle Suarez filed a complaint with the New York State Division of Human Rights ("Division") charging the above-named Respondent with an unlawful discriminatory practice relating to employment because of disability, and opposed discrimination/retaliation in violation of N.Y. Exec. Law, art. 15 (Human Rights Law).

After investigation, and following opportunity for review of related information and evidence by the named parties, the Division has determined that there is NO PROBABLE CAUSE to believe that the Respondent has engaged in or is engaging in the unlawful discriminatory practice complained of. This determination is based on the following:

The Complainant has a heart/pulmonary condition, charges the Respondent with unlawful discriminatory practices in relation to employment because of disability and opposed discrimination against the Respondent (DHR No. 10210950). Specifically, she claimed that because of her prior discrimination complaint alleging denied reasonable accommodation and unlawful application of the NYC's newly adopted Families First Coronavirus Response Act (FFCRA) leave, Respondent caused her monetary loss by forcing her to charge her accrued leave balances once her approved FMLA and FFCRA leaves were exhausted each calendar year. The noted DHR case was in fact dismissed on or about 9/24/2021 with a No Probable Cause finding.

Here, Complainant alleges the Respondent has failed to respond to her request for reasonable accommodation dated 6/29/2021, to telework full-time and that her timesheets were not being processed.

Respondent denied, and our investigation did not substantiate that the Complainant was denied a reasonable accommodation and that her timesheets were not processed in retaliation.

Rather, our investigation found that once Respondent received Complainant's recent reasonable accommodation request, and all subsequent requests by Complainant to meet with Respondent's personnel to discuss her concerns and inquiries related to her reasonable accommodation request and timesheets, Respondent promptly engaged in the required interactive process with, and without the appropriate or timely medical documentation submission, responded with timely determinations on her requests including allowing Complainant to work from home on those days that she needed to use FFCRA; assigned Complainant less time sensitive work and her in-office duties to other employees while she continued to work from home on those days that she was required to report in-office, but needed to use FFCRA leave. Additionally, Respondent provides that once notified that FFCRA was discontinued by their supervisory agency and that all employees should report for in-office work full-time, Complainant was advised that she could apply for FFCRA's successor benefit, the America Rescue Plan ("ARP"), which would require an application and updated medical documentation. However, Complainant indicated that she did not wish to submit further medical documentation despite the fact that her last submission was four months old and indicated follow-up assessments; and efforts to obtain such through her attorney were unsuccessful.

Additionally, the Respondent has convincingly provided that changing the work duties required of a Victim Notifications Specialist, which would be required in order for the Complainant to receive the reasonable accommodation she requested (to telework full-time at 5 days per week) would be an undue hardship for Respondent. In granting Complainant benefits, Respondent was flexible and worked with her to accommodate her need for FMLA, FFCRA and even though she failed to promptly provide updated medical documentation for her requests, Respondent continued to grant FFCRA accommodation and additional benefits such as Special Leave of Absence Coverage ("SLOAC") so that she would maintain benefits up to a maximum of 18 weeks of coverage in a period during unpaid leave resulting from a disability.

Moreover, Respondent provided that Complainant was not denied compensation and/or was untimely paid due to a delayed timesheet. Respondent convincingly provides that any delays occurred when leave balances needed to be clarified after Complainant's FFCRA leave was exhausted.

Our investigation did not uncover sufficient evidence to establish a causal nexus between the Respondent's treatment of the Complainant and her disability and/or her prior protected activity.

The Division's investigation revealed that the Respondent provided non-discriminatory reasons for its actions, which were not shown to be a mere pretext for unlawful discrimination. The Complainant's mere belief and conclusory allegations that she was discriminated against because she has not been granted the reasonable accommodation of her choice and retaliated against for opposing discrimination are not sufficient to establish a nexus to the Respondent's actions. In light of the foregoing, a determination of No Probable Cause is warranted.

The complaint is therefore ordered dismissed and the file is closed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition within sixty (60) days after service of this Determination. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Your charge was also filed under the Americans with Disabilities Act (ADA). Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112. Otherwise, EEOC will generally adopt our action in your case.

Dated:    07/28/22
        Brooklyn, New York

                        STATE DIVISION OF HUMAN RIGHTS


                By:     _William LaMot_____
                        William LaMot
                        Regional Director

- 3 -